Submitted on remand from the Oregon Supreme Court October 16, 2019;
general judgment affirmed, supplemental judgment remanded for correction
of cost award, otherwise affirmed December 2, 2020

TROUBLED ASSET SOLUTIONS, LLC,
in its capacity as
Receiver for The Mortgage Exchange, Inc.,
pending in Washington County Circuit Court
Case Number C112822CV,
*Plaintiff-Respondent,*

*v.*

Eddie WILCHER,
and all occupants,
*Defendant-Appellant.*

Washington County Circuit Court
C142009EV

Eddie WILCHER,
*Plaintiff-Appellant,*

*v.*

TROUBLED ASSET SOLUTIONS, LLC,
in its capacity as
Receiver for The Mortgage Exchange, Inc.,
pending in Washington County Circuit Court
Case No. C112822CV,
*Defendant-Respondent.*

Washington County Circuit Court
C145657CV

A158440

479 P3d 589

On remand from the Supreme Court's opinion reversing the Court of Appeals and upholding the trial court's reformation of the parties' deed of trust that had been provided as security for a loan so as to include appellant Wilcher as a grantor, *Troubled Asset Solutions v. Wilcher*, 365 Or 397, 445 P3d 881 (2019), the court considered Wilcher's assignments that it had not previously addressed. *Held*: The Court of Appeals made the following determinations on remand: In light of the reformation of the parties' trust deed to include Wilcher as a grantor, the trial court correctly held that, when the trust deed was foreclosed, Wilcher's interest in property that had been listed as security on the trust deed was also foreclosed, and the court therefore did not err in rejecting Wilcher's claim to quiet title to the property. The trial court did not abuse its discretion in denying Wilcher's request, on the day of trial, for a postponement. Wilcher is correct

that the trial court's supplemental judgment awarding costs erroneously allowed recovery of deposition expenses, expert witness fees, airfare, Pete Realty copy fees, and nonrecoverable service fees. The court rejected Wilcher's remaining assignments without discussion.

General judgment affirmed; supplemental judgment remanded for correction of cost award; otherwise affirmed.

On remand from the Oregon Supreme Court, *Troubled Asset Solutions v. Wilcher*, 365 Or 397, 445 P3d 881 (2019).

D. Charles Bailey, Jr., Judge.

Terrance J. Slominski and David W. Venables filed the briefs for appellant.

Charles R. Markley and Greene & Markley, P.C., filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

ARMSTRONG, P. J.

General judgment affirmed; supplemental judgment remanded for correction of cost award; otherwise affirmed.

## ARMSTRONG, P. J.

This case is on remand from the Supreme Court after that court reversed our original opinion, *Troubled Asset Solutions v. Wilcher*, 291 Or App 522, 422 P3d 314 (2018), *rev'd in part on other grounds,* 365 Or 397, 445 P3d 881 (2019), and held that the trial court was correct in reforming the parties' deed of trust to include appellant Wilcher as a grantor. The Supreme Court has remanded the case for us to consider assignments of error that we did not address in our first opinion.

The facts are recited in the Supreme Court's opinion, 365 Or at 399-401, and we summarize them here only as relevant to the issues we address. Sierra Development, LLC, a real estate development company in which Wilcher was involved, borrowed approximately $5 million from The Mortgage Exchange (MEX), the predecessor in interest of plaintiff Troubled Asset Solutions, LLC (TAS). The promissory note, signed by Wilcher, was secured by a trust deed on Sierra Heights, the property to be developed, and many other properties, including Wilcher's personal residence.

Sierra defaulted on the loan. In March 2014, TAS, as successor in interest to MEX, obtained a nonjudicial foreclosure of the trust deed. Although the trust deed described Wilcher's personal residence among the properties provided as security for the loan, through a drafting error that the Supreme Court characterized as "a classic example of a mutual mistake," 365 Or at 405, the trust deed did not list Wilcher, personally, as a grantor of the trust deed.[1] In October 2014, after Wilcher failed to turn over the property, TAS brought a post-foreclosure forcible entry and detainer (FED) action, seeking possession. Wilcher brought a separate action, seeking to quiet title to his residence and a declaration that TAS had no interest in the property.

The trial court consolidated the proceedings for trial. The court determined that the trust deed should be reformed to show that Wilcher was a grantor. The court also

---

[1] Rather, the trust deed listed Wilcher as a grantor only in his capacity as a member of an LLC that was also providing security for the trust deed.

ordered Wilcher either to pay TAS the amount in default or vacate the property. In our original opinion, we summarized the trial court's rationale:

> "Specifically, the court found that, before he signed the trust deed, Wilcher 'knew that by signing he was putting his own residence and the property up as collateral if they ever defaulted on the associated loan.' The court also found that Wilcher's behavior after he signed the trust deed was consistent with his understanding that his property was encumbered.' The court ruled that reformation of the trust deed was appropriate because the omission of Wilcher's name as a grantor in the trust deed was a mistake that 'was easily missed and the evidence [was] clear all parties intended to have Mr. Wilcher's individual property included as collateral.' Additionally, the court determined that granting equitable relief in Wilcher's favor would reward 'bad behavior' and would 'impose a clear injustice to TAS.' Thus, the court denied Wilcher's request to quiet title to the property in his name. Although the court stated that it was denying Wilcher's request for declaratory relief, the general judgment did not declare the rights of the parties. The court then entered a supplemental judgment awarding attorney fees to TAS."

*Troubled Asset Solutions*, 291 Or App at 527-28.

In our original opinion, we held that the trial court erred in reforming the trust deed to add Wilcher as a grantor, reasoning that TAS, as the beneficiary, had failed to prove that the mistake in omitting Wilcher was not caused by the "gross negligence" of MEX. *Id.* at 534. Having determined that the court erred in reforming the deed of trust, we concluded that the court had also erred in denying Wilcher's claim to quiet title and for declaratory relief. We reversed the judgment and remanded the case to the trial court for entry of a judgment declaring the rights of the parties in the manner consistent with our opinion. We also rejected without discussion Wilcher's challenge to the trial court's denial of his motion to dismiss the forcible entry and detainer action. We did not address Wilcher's remaining assignments. 291 Or App at 536.

The Supreme Court has reversed our opinion in part and affirmed the trial court's ruling that the elements

of reformation were satisfied, such that it was appropriate for the trial court to reform the trust deed to include Wilcher as a grantor of the property that was identified in the trust deed and that he owned personally.[2] The court explicitly did not rule on any other issues presented by Wilcher on appeal to this court, 365 Or at 417, 417 n 10, and remanded the case for consideration of assignments that we had not addressed previously.

Because we reversed the trial court's judgment reforming the contract, we also reversed the trial court's rejection of Wilcher's request to quiet title to the subject property in Wilcher. 291 Or App at 535. In light of the Supreme Court's reinstatement of the trial court's reformation of the trust deed, we now agree that the trial court correctly rejected Wilcher's quiet title claim. "The purpose of reformation by a court of equity is to make an erroneous instrument express correctly the real agreement between the parties." *Manning Lumber Co. v. Voget*, 188 Or 486, 500, 216 P2d 674 (1950). When the trial court reformed the contract to add Wilcher as a grantor, as between the parties to the trust deed, the reformation related back to the date of the original instrument. *Reformation of Instruments*, 66 Am Jur 2d § 9

---

[2] The court stated that it allowed review "to consider the meaning and application of the 'gross negligence' requirement when a court is asked to exercise its equitable powers to reform a contract." 365 Or at 402. The court explained that the case involved "a classic example of a mutual mistake, where the written document failed accurately to express the agreement of the parties." *Id*. at 405. The court explained that whether a party's mistake is so inexcusable as to constitute "gross negligence" and thus to bar reformation is

"not simply a matter of the level of carelessness of the party now seeking reformation, as the addition of the adjective gross to the noun 'negligence' might otherwise suggest. Contrary to Wilcher's contention, gross negligence does not simply mean 'heightened negligence.' Rather, whether the error is 'inexcusable' and can constitute gross negligence will depend in substantial part on the equities, including whether the parties acted in good faith and whether the other party to the contract or an innocent third party, such as bona fide purchaser, will be prejudiced."

*Id*. at 409-10. The court held that we had erred as a matter of law in our application of that standard by failing to consider the equities of the case, notably whether anyone would be prejudiced by reformation of the contract. *Id*. at 411. Reviewing the trial court's ruling, the court concluded that the trial court's conclusion that there had not been gross negligence was supported by the trial court's findings, which were, in turn, supported by evidence in the record. The court further concluded that correction of the error in omitting Wilcher as a grantor had not caused prejudice to Wilcher or anyone else.

(2011) ("The reformation of an instrument relates back to the time the instrument was originally executed and simply corrects the document's language to read as the instrument should have read all along. A reformed instrument takes effect from the time of its original execution and binds all entities except innocent purchasers for value. The rights of the parties are measured by the instrument as originally intended, and the effect of the reformation, as a whole, is to give all the parties all the rights to which they are equitably entitled under the instrument that they intended to execute."). As between the parties and those in privity, the court's judgment reforming the trust deed also extended to any judgment or decree affecting the parties' interests in the trust deed. *See Doerfler v. Richman*, 151 Or 398, 405-06, 49 P2d 988 (1935) ("'It is one of the unquestioned powers of a court of equity to correct mistakes; it reforms instruments whenever it satisfactorily appears that by mutual mistake such instruments do not express the agreements of the parties; and this power is not limited to the mere reformation of instruments executed by the parties. It extends to judgments, decrees, and in fact almost every if not every, paper or document by which the rights of parties are affected.'" (quoting *First Nat'l Bank v. Wentworth*, 28 Kan 183, 187 (1882)).

In light of the reformation of the trust deed to provide that Wilcher is a grantor, the trial court correctly concluded that Wilcher's interest was foreclosed, and the court therefore did not err in rejecting Wilcher's claim to quiet title.

Wilcher contends that the trial court abused its discretion in denying his request, on the day of trial, for a postponement of the trial. We have reviewed the record and conclude that there was no abuse of discretion.

Wilcher contends, and TAS does not dispute, that the supplemental judgment erroneously allows TAS to recover as costs under ORCP 68 deposition expenses, expert witness fees, airfare, Pete Realty copy fees, and nonrecoverable service fees. We agree that the costs are not recoverable under ORCP 68. The supplemental judgment should be corrected to reduce the cost award by those amounts.

We have considered and reject without discussion Wilcher's remaining assignments.

General judgment affirmed; supplemental judgment remanded for correction of cost award; otherwise affirmed.